PEOPLES NATIONAL BANK OF
MORA, Appellant,

v.

Donald E. BOYER and Dorothy M.
Boyer, Respondents.

No. C5-84-391.

Court of Appeals of Minnesota.

Sept. 11, 1984.

Robert C. Lindig, Mora, for appellant.

P. Hunter Anderson, Cambridge, for respondents.

Considered and decided by HUSPENI, P.J., and RANDALL and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Obligee bank brought this action under a promissory note against accommodation parties who endorsed and guaranteed previous promissory notes by this obligor. The trial court ordered judgment for the respondents, and denied appellant's motion for a new trial. We affirm.

## FACTS

Appellant Peoples National Bank of Mora (Peoples) is the obligee on a note signed by Donald F. Boyer. The note is a consolidation of two separate loans to Donald F. Boyer. Respondents are Donald's parents, Donald E. and Dorothy Boyer (the Boyers). They initially executed written guarantees on each of the two notes. The guarantees which are the subjects of this suit were signed in October 1977, and May 1979. The guarantees included a consent to extensions or renewals of the loans.

Each of the original loans was "renewed" several times before they were consolidated in August 1981. Each new note had as its principal the balance of the principal and unpaid interest on the old note. The Boyers did not sign guarantees on any of the "renewal" notes, nor on the consolidated note. The bank sent the Boyers three letters requesting their signatures to guarantee the new loans. The Boyers did not respond to the letters, since they understood they were no longer liable on the notes. Despite the Boyers' refusal to sign, the bank consummated the transactions with Donald Boyer, which resulted in the new notes.

The notes issued immediately subsequent to the notes guaranteed by the Boyers bore higher interest rates. The old credit and life insurance policies were cancelled, and

unearned premiums credited against the unearned balance. New insurance policy premiums were added to the new balance.

The bank's records for the two loans guaranteed by the Boyers show a balance of zero on the date of the last transaction, which is the date the new loans were issued. They also carry the notation "paid loan." The payment history information on the new notes starts on the dates they were issued.

In March 1982, Donald F. Boyer filed for bankruptcy. He was subsequently discharged on this debt to the bank. The bank demanded payment from the Boyers, who refused. The bank then commenced this suit. The trial court found the Boyers discharged of liability under their guarantees because: 1) the guaranteed notes were paid and satisfied by the acceptance of the substituted notes; 2) there were material and fraudulent alterations in the additional insurance benefits; 3) a novation occurred; and 4) the final note was usurious. The bank appeals on the ground that the trial court's findings are clearly erroneous, and its conclusions not supported by the evidence.

### ISSUE

Whether the two guarantees signed by Donald E. and Dorothy Boyer in 1977 and 1979 are applicable to the consolidated note issued in 1981.

### ANALYSIS

The trial court initially determined that the Boyers were not liable on the guaranteed notes because those notes were paid and satisfied by acceptance of the substituted notes. As to this issue, if the notes issued subsequent to the guaranteed notes are merely renewals, the Boyers are liable on them. If they, in fact, do represent new obligations delivered in satisfaction of the previous debts, they were the sole responsibility of Donald F. Boyer, now discharged in bankruptcy.

The Minnesota Supreme Court has set out the applicable rules as follows:

It is generally held that the mere execution of a renewal note evidences the same debt by a new promise and does not constitute a payment or discharge of the original note but operates only as an extension of time for payment. (Citations omitted) It is true that one note may be accepted in payment of another, but a new note given without any new consideration to the same person for the same sum as the old one is not generally deemed a satisfaction thereof, unless so received and accepted.

*Farmers Union Oil Co. v. Fladeland*, 287 Minn. 315, 319, 178 N.W.2d 254, 257 (1970). *Fladeland* involved an extension note for the principal and unpaid interest of a primary note, at the same interest rate.

Here the trial court found that the later notes did not operate "only as an extension of time for payment." *Id.* Plaintiff bank told Donald F. Boyer that the new notes were substituted for the old. The trial court found that all bank records indicated that the guaranteed notes were paid. The new notes were made with new consideration in the form of higher interest rates. New insurance premiums were charged on each new note. The bank made repeated requests for new guarantees from the Boyers.

A review of the record reveals substantial evidentiary support for the trial court's finding that the new notes were substituted in full satisfaction of the guaranteed notes. In view of our determination as to this issue, it is not necessary to address those additional factors listed by the trial court as the basis for discharging the Boyers from liability.

### DECISION

Affirmed.